43  451
46  247

## G. B. PHINNEY v. IRA D. BRONSON *et al.*

1. RAILROAD COMPANY — *Civil Engineer* — *Pay-Rolls* — *Competent Evidence.* In a controversy as to whether work done by a civil engineer toward the construction of a railroad was performed for and to be paid by the railroad company, or by certain individuals, the pay-rolls made out by such engineer in the name of the company, showing the payment of certain sums of money to himself and others engaged in the work, are competent evidence as tending to prove that the company, and not the individuals, was his debtor.

2. SALARY, *Action to Recover* — *Testimony Competent for Defense.* Where a person claims to have been employed for a stated time at a stipulated salary per month, and sues to recover for services rendered under such employment, and the defendant denies any liability, he may offer testimony tending to show that the plaintiff was at the same time engaged in the services of another.

3. GENERAL CHARGE — *Instruction, Not Asked.* A general charge given by the court to the jury having fairly presented the propositions involved, the failure of the court to instruct as to a phase of the case upon which an instruction might have been given, but which was not requested, is not a ground for reversal.

4. EVIDENCE *Sustains Verdict.* The evidence in the case held to be sufficient to sustain the verdict of the jury.

### *Error from Bourbon District Court.*

ACTION by *Phinney* against *Bronson* and Ayers for $567.97, and interest, alleged to be due " for work and labor as a civil engineer, and for money paid out and expended by plaintiff for the benefit of Bronson and Ayers." Answer, general denial. Plaintiff's bill of particulars shows a claim for $1,264.-12, of which $117 are stated to have accrued in September, 1882. The remaining account runs from June, 1883, to February, 1884. Credits amounting to $696.15 are given. Trial at the May term, 1887. Verdict and judgment in favor of defendants. Plaintiff appeals.

*Hill & Chenault,* for plaintiff in error.

*W. C. Webb,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: G. B. Phinney brought this action against Ira D. Bronson and A. M. Ayers, to recover $567.97, alleged to be due him for work and labor as a civil engineer, and for money paid out and expended by him for the benefit of defendants. Verdict and judgment were given in favor of the defendants, and the plaintiff contends here that the court erred in the admission of testimony, and in charging the jury.

Phinney was a civil engineer, and was elected chief engineer of the Kansas & Nebraska Central Railroad Company, and the work done by him was upon a proposed railroad running from Fort Scott to Topeka. That some work was performed by Phinney, is conceded; but it was claimed by the defendants that he performed the services for the railroad company, and was to look only to the railroad company for his compensation. The plaintiff states in his argument that "the real issue as made below was, whether Phinney had an individual contract with Bronson & Ayers, and was to receive his pay from them, or whether he was to look to the Kansas & Nebraska Central Railroad Company for his pay." This issue was submitted to the jury upon the evidence, and was determined in favor of the defendants, and the evidence is quite sufficient to sustain the verdict.

4. Evidence sustains verdict.

A review of the testimony is unnecessary, and would be unprofitable. Error is assigned on the admission in evidence of certain pay-rolls made out in the name of the railroad company, showing the payment of certain sums of money to Phinney, and other workmen. They were made out and signed by Phinney, and indorsed thereon is written: "We, the undersigned, hereby acknowledge that we have this day received of Ira Bronson the several amounts set opposite our names hereto respectively, to be applied toward the amount due us from the Kansas & Nebraska Central Railroad Company." The plaintiff having made out these pay-rolls, in which it was made to appear that the claim existed against the

1. Pay-rolls—
competent
evidence.

railroad company, and having acknowledged that the money received from Bronson was to be applied on the amount due him from the railroad company, they were certainly competent as tending to show that his contract was with the railroad company, and that that company was his debtor, instead of the defendants.

An objection is also made to the admission in evidence of certain city warrants and bills for services rendered by Phinney to the city of Fort Scott. The plaintiff claimed that he was working for the defendants at a stipulated sum per month, and, so far as this testimony tended to show, that he was in the service of another at the same time for which he claimed compensation from the defendants, it was material and competent. The defendants had filed a general denial, and any proof showing no liability, or which would reduce the amount claimed by the plaintiff, was properly admitted. The principal issue in the case of course was whether the company was liable, or the defendants, and this having been determined in favor of the defendants, renders this testimony immaterial.

2. Testimony
competent
for defense.

It is also claimed that the court erred in admitting evidence tending to show that there were two railroad companies in existence at that time planning to build railroads between Fort Scott and Topeka. Such a question was asked and allowed, but no answer was given, and hence there is no ground for complaint.

In the charge of the court the propositions involved in the controversy were very clearly placed before the jury. They were advised that if the plaintiff contracted originally with the railroad company to work for it, and it was understood that the railroad company was to be responsible for the compensation, then the defendants were not liable for the work done under the contract. And in that connection the court further said: "If you should find that Phinney was elected chief engineer of the railroad company to perform the services he did perform irrespective of any contract with Bronson, but simply looking to the railroad company for his pay, then he

would not be entitled to recover in this action, unless Bronson and Ayers, defendants, had obligated themselves in some way to him, in writing, for the services which he did perform." This instruction simply advised the jury that the liability of the defendants arose, if at all, either upon the original promise or by a contract in writing to pay the debt of the company; and it states a correct principle of law. It is true we find no testimony in the record tending to show any written assumption by the defendants of the company's indebtedness, and hence what was said relating to their written obligation may be regarded as immaterial. The main issue of the case in regard to whether there was an original promise by the defendants has been determined by the finding of the jury, and therefore the charge of the court upon the other branch of the case may be laid out of consideration. It is contended that some phases of the law respecting what constitutes an original promise were not presented to the jury in the charge of the court. A sufficient answer to this claim is, that no other or additional instructions were requested by the plaintiff; and failing to make such request, he has no cause of complaint. (*Douglass v. Geiler*, 32 Kas. 499; *The State v. Pfefferle*, 36 id. 90.) Without stopping to inquire whether other instructions would have been applicable or proper, we think that under the evidence the case was fairly submitted to the jury by the general charge.

3. General charge
—instruction,
not asked.

The other matters referred to by counsel are not deemed of sufficient importance to require consideration.

The judgment of the district court will be affirmed.

All the Justices concurring.