J. B. NIPP, *as Sheriff of Cowley County*, v. FRED BOWER.

**No. 464.** (61 Pac. 448.)

1. SUMMONS— *Writ of Replevin— Service.* The errors relating to the service of summons and service of writ of replevin set forth, and held not sufficient to require a reversal of the case.

2. INSTRUCTIONS— *General Charge— Special Request.* A general charge given by the court to the jury having fairly presented the proposition involved, the failure of the court to instruct as to a phase of the case upon which an instruction might have been given, but which was not requested, is not ground for reversal. (*Phinney v. Bronson*, 43 Kan. 451, 23 Pac. 624.)

Error from Cowley district court; A. M. JACKSON, judge. Opinion filed June 16, 1900. Affirmed.

*J. Mack Love*, for plaintiff in error.

*C. T. Atkinson*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : Charles E. Beach was the owner of a stock of groceries, valued at about $1000, and engaged in the grocery business. He owed a large number of debts and bills for money borrowed and merchandise purchased. He owed the Farmers' National Bank of Arkansas City $500, which was past

due ; this note was also signed by W. S. Upp.   Prior to May 22, 1893, a son of W. S. Upp had been in Arkansas City for the purpose of collecting or securing the claim Charles E. Beach owed his father.   A settlement was made.   The son paid $200 for Beach and took a chattel mortgage on Beach's stock of groceries to secure this amount and $500 which it is claimed Beach owed his father prior to this time.   On the 22d day of May, 1893, W. S. Upp arrived.   The settlement made by his son was not satisfactory, and he proposed to purchase the stock of goods.   The proposition was accepted by Beach, and a good portion of the night of May 22 was spent in invoicing the stock, which amounted to $1073.50.

The consideration claimed to have been paid by Upp was the $500 due the Farmers' National Bank and the $700 secured by settlement with the son. The indebtedness of Beach to Upp exceeded the amount of the invoice by $126.50.   To secure this amount Upp took an assignment of Beach's book accounts.   A bill of sale was executed and the goods delivered to Upp, who took possession and immediately placed the goods in the custody of William Theophilus, his agent, with instructions to sell the stock at the first opportunity, and if not sold soon to ship same to Oklahoma.   Upp returned to Oklahoma on the morning of May 23.   About noon on the same day, Fred Bower, the defendant in error, purchased the stock from Theophilus, agent of Upp.   Ranney, Alton & Co., creditors of Beach, commenced an action upon their claim, and caused an order of attachment to be issued and levied upon the stock of goods. Bower, defendant in error, brought this action in replevin against the sheriff.   The sheriff gave a redelivery bond and retained the goods.   The case was

tried to a jury, and verdict and judgment rendered for Fred Bower, defendant in error, for the return of the goods or the value thereof. The sheriff brings the case here for review.

The first error assigned is that the trial court erred in overruling the motion of plaintiff in error to quash the summons. It is contended that the summons is irregular and insufficient; that it does not properly describe the defendant in the action. The action is brought against "J. B. Nipp, sheriff of Cowley county, Kansas." In the summons, it is commanded to notify "J. B. Nipp, sheriff." In our opinion the variance is not sufficient to avoid the summons.

It is further contended that the service and return of the summons are fatally defective. Section 14, chapter 88, General Statutes of 1897 (Gen. Stat. 1899, § 1690), provides:

"Every paper required by law to be served on the sheriff may be served on him in person, or left at his office during his business hours."

The return on this summons reads as follows:

"Received this writ July 15, 1893, and as commanded therein I summoned the following persons of the defendants within named, at the times following, to wit:

"J. B. Nipp, sheriff, June 24, 1893, by leaving a true certified copy of the within summons at the office of said sheriff, with the under-sheriff of said county, on said day, in said Cowley county."

The only objection to this return is that it does not affirmatively appear that the summons was left at his office during "his business hours." The return shows a substantial compliance with the law and is sufficient.

The second error assigned is that the trial court erred in overruling the motion of plaintiff in error to quash the writ of replevin. The writ was issued on

the 26th day of May, 1893, and the coroner was required to return it on the 5th day of June, 1893. The indorsement on the writ is as follows:

"MAY 29, 10 o'clock, 1893.

"Deputy Sheriff Rothrock accepts service, and then and there gave a redelivery bond for the within goods and chattels in the replevining of said goods. Received this writ May 29, 1893. Service accepted by Deputy Sheriff Rothrock this 29th day of May, 1893, and a redelivery bond filed this 29th day of May, 1893, and approved by me.        S. S. McDowell, Coroner."

The contention is that the deputy sheriff has not the power and authority to waive or accept service for his principal, the sheriff, and that there is no statute authorizing the service of such writ upon the deputy sheriff. Upon this proposition counsel have failed to cite authorities. From the investigation we have been able to make, we are satisfied that the irregularity is not sufficient to require a reversal of the case.

It is further contended that the district court erred in failing properly to instruct the jury on the law applicable to the facts in the case. We have considered the evidence and the instructions given. The jury, in the general instructions, were fully informed as to the issue and their attention was called to all matters necessary to a determination of the case. No request for special instructions was made and no special instructions were submitted. The court was not requested to modify, enlarge or in any way change the instructions given. If the facts justified a further instruction upon any particular phase of the case, it is not called to the attention of the court. In the case of *Phinney v. Bronson*, 43 Kan. 451, 23 Pac. 624, the supreme court said:

"A general charge given by the court to the jury having fairly presented the propositions involved, the

failure of the court to instruct as to a phase of the case upon which an instruction might have been given, but which was not requested, is not a ground for reversal."

From our reading of the record, the plaintiff in error had a fair trial. Every step taken appears to have been free from passion or prejudice. To compel a reversal of such case the errors should be very grave and material ones.

The judgment of the district court will be affirmed.