THE STATE OF KANSAS, *Appellee,* v. EZRA MILLER,
*Appellant.*
No. 17,185.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Larceny—Accomplice—Notice.* In a crim-
inal action, where the defendant is charged with aiding and
abetting another in the larceny of property, an instruction
is properly refused which charges that in order to be guilty
of the crime of larceny the defendant must have had knowl-
edge that the property stolen was not the property of the
person he was aiding and abetting.

2. ———— *Instructions—Weighing Testimony of Confessed Ac-
complice.* In such an action, where one of the principal wit-
nesses against the defendant was an accomplice who
admitted stealing the property, the failure of the court to
instruct the jury that great caution should be exercised in
weighing the testimony of an accomplice is not error, in the
absence of a request for an instruction of this character.

Appeal from Marion district court. Opinion filed
November 5, 1910. Affirmed.

*D. W. Wheeler,* and *W. H. Carpenter,* for the appel-
lant.

*Fred S. Jackson,* attorney-general, *John Marshall,*
assistant attorney-general, *Charles D. Shukers,* special
assistant attorney-general, and *Samuel Burkholder,*
county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellant was charged with aiding
and abetting another in the larceny of two gallons of
whisky. From a judgment of conviction he appeals.

The errors assigned relate wholly to the instructions.
The appellant claimed that at the time he assisted in
taking the whisky he believed it belonged to James F.
Ansiel, known as "Indian Jim." He testified that the
latter told him he was expecting a box of whisky that
morning; that they first called at the Santa Fe depot

to see if the package had arrived; that afterward "Indian Jim" told him that it had just come in on the Rock Island, and they drove together to the Rock Island depot, where the appellant held the team while his companion went and got the package from the platform. The appellant testified that he acted innocently, believing that he was only assisting "Indian Jim" in taking charge of and removing his own property from the platform of a public carrier. It is claimed that the refusal of the following instruction was error:

"The court instructs the jury that the defendant, in order to be guilty of the crime of larceny, must have had knowledge that the property stolen was not the property of James F. Ansiel, and before you can find him guilty of being an abettor or accomplice you must find beyond a reasonable doubt that he had this knowledge."

We agree with the appellant's contention that a person who, without knowing that another is stealing property, innocently aids and abets him in taking the same is not guilty of the crime of larceny; but the instruction asked is too broad in its language. It states that in order to constitute the appellant guilty he must have had knowledge that the property stolen was not the property of the other. This would require the state to prove that the appellant had actual knowledge that the property did not belong to the person he was assisting, whereas he would have been guilty of larceny if he aided and abetted another in taking property which he had reason to believe did not belong to the other. In this connection it may be said that the state offered abundant evidence that sometime prior to the taking of the whisky the appellant saw and examined the package containing it, and that the package was not consigned to James F. Ansiel, or "Indian Jim," but bore the name of another person as the consignee. While the jury might properly have been instructed that if the appellant acted innocently, believing that he was aiding another in taking charge of and removing the

other's own property from the platform, he was not guilty of larceny, the instruction asked was faulty, and, for the reasons stated, its refusal was not error.

The principal witness against the appellant was "Indian Jim," who admitted stealing the whisky, and a further claim of error is predicated upon the failure to instruct the jury that great caution should be exercised in weighing the testimony of an accomplice. It is a sufficient answer that the appellant made no request for an instruction of this character. Without such an instruction a jury of ordinary intelligence would naturally receive with caution the testimony of a confessed accomplice. In all of the cases cited in support of this claim of error the defendant requested and the court refused such an instruction.

We find no prejudicial error in the record, and the judgment is affirmed.