No. 28,208.

J. H. Skaer, *Appellee*, v. The American National Bank of Augusta et al., *Appellants.*

(268 Pac. 801.)

Opinion filed July 7, 1928.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *J. L. Weigand,* all of Wichita, for the appellants.

*C. W. McVickers* and *Arch F. Williams,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff commenced this action to enjoin the American National Bank of Augusta and L. L. Wilson, its director and liquidating agent, from selling, or attempting to sell, a promissory note, signed by the plaintiff, for $2,600, payable to the bank, and to cancel the note and hold it for naught. Judgment was rendered in favor of the plaintiff, and the defendants appeal.

The petition alleged that the note had been paid; that it had been given without any consideration therefor; that it had been given for the accommodation of the American National Bank; and that the signature thereto had been procured by fraud. The answer denied the allegations of the petition.

There was evidence which tended to prove the following facts: That on October 23, 1919, the plaintiff J. H. Skaer and M. T. Moyle executed a note to the American National Bank for the sum of $3,500; that on April 21, 1923, a note for $3,000, signed by the plaintiff J. H. Skaer, was given to the American National Bank; that

this note for $3,000 was given to take up the note for $3,500; that on October 21, 1924, a note, signed by the plaintiff J. H. Skaer, for $2,600 was given to the American National Bank to take up the note of $3,000; and that when the $3,500 note was signed the American National Bank advanced to the Odds Oil Company, a corporation of Oklahoma, the proceeds arising therefrom. There was evidence which tended to prove that the $3,500 note had been paid by parties other than the plaintiff before the renewal notes were given; that the $3,500 note had been given for the accommodation of the American National Bank, although there was evidence which tended to prove that the note had been given for the accommodation of J. W. LePorin, cashier of that bank; that the renewal notes for $3,000 and $2,600 had been given for the accommodation of the bank, although there was evidence that those notes had been given for the accommodation of J. W. LePorin. There was evidence which tended to prove that J. H. Skaer did not receive anything when he signed the $3,500 note. There was evidence which tended to prove that the signatures to the $3,000 note and the $2,600 note had been procured by representing to J. H. Skaer that the notes for which each had been given had not been paid.

■ The defendants urge that the court committed error in giving instruction No. 3. That instruction reads as follows:

"You are further instructed that J. H. Skaer admits execution of the $2,600 note, but alleges as a defense that he executed the same as an accommodation to the parties only, and that same was without consideration; and that said note has been paid. The burden of proof is upon J. H. Skaer to establish one or more of said defenses by a preponderance of the evidence, and if he does establish one or more of said defenses by a preponderance of the evidence then your verdict must be in his favor; on the other hand, if he fails to so establish one or more of his defenses then your verdict must be for the American National Bank of Augusta, Kansas.

"In this connection you are instructed that every negotiable instrument is deemed, *prima facie*, to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value. Value is any consideration sufficient to support a simple contract. An antecedent or preëxisting debt constitutes value and is deemed such whether the instrument is payable on demand or at a future time.

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser without receiving value therefor, and for the purpose of lending his name to some other person.

"Consideration is any benefit, profit or advantage to the promisor, or any loss, detriment or inconvenience to the promisee, and if there is no benefit or

the like on the one side or detriment or the like on the other side then there is no consideration."

It is argued that the instruction was "misleading, ambiguous, and prejudicial to the defendant." It is urged that the first paragraph of this instruction should have specified who was meant by the word "parties" in the expression "accommodation to the parties." The other three paragraphs of the instruction complained of stated correctly applicable principles of law. There was no incorrect statement of law contained in the instruction. It covered the issues on this branch of the case. The criticism made by the appellant concerning the instruction is not that it did not state correct principles of law, but that it was "misleading, ambiguous and prejudicial." This must be because it did not state additional principles. If additional instructions had been desired, they should have been requested.

In *Douglass v. Geiler*, 32 Kan. 499, 4 Pac. 1039, this court said:

"In a trial by a jury, it is the duty of the court to instruct the jury on questions of law which he deems applicable to the case as made by the pleadings and evidence; and if a party desires other or different instructions, he must make his request in writing for them, as provided by section 275 of the code. If no such request is made, the instructions given stand as the law of the case for that trial. A judgment will not be reversed in this court on the ground that the trial court should have given other or different instructions, where a request in writing for such instructions was not made on the trial." (Syl. ¶ 1.)

See, also, *State v. Rhea*, 25 Kan. 576; *State v. Peterson*, 38 Kan. 204, 16 Pac. 263; *State v. Rook*, 42 Kan. 419, 22 Pac. 626; *Phinney v. Bronson*, 43 Kan. 451, 23 Pac. 624; *State v. Falk*, 46 Kan. 498, 26 Pac. 1023; *Hoyt v. Dengler*, 54 Kan. 309, 38 Pac. 260; *Railroad Co. v. Noland*, 75 Kan. 691, 694, 90 Pac. 278; *State v. Page*, 80 Kan. 389, 102 Pac. 780; *State v. Miller*, 83 Kan. 410, 111 Pac. 437; *Hamilton v. Railway Co.*, 95 Kan. 353, 357, 148 Pac. 648; *Murphy v. Gas & Oil Co.*, 96 Kan. 321, 326, 150 Pac. 581; *Warders v. Railroad Co.*, 105 Kan. 4, 181 Pac. 604; *State v. Woods*, 105 Kan. 554, 185 Pac. 21; *State v. Davis*, 106 Kan. 527, 531, 188 Pac. 231; *Turman v. Process Co.*, 114 Kan. 693, 696, 220 Pac. 510; *Stone v. City of Pleasanton*, 115 Kan. 378, 223 Pac. 312; *Lawson v. Brokmann*, 116 Kan. 102, 226 Pac. 252; *State v. Taylor*, 119 Kan. 260, 237 Pac. 1053; *Briley v. Nussbaum*, 122 Kan. 438, 252 Pac. 223; and *Foley v. Crawford*, 125 Kan. 252, 264 Pac. 59.

The fifth subdivision of section 60-2909 of the Revised Statutes reads:

"When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writing and be numbered, and signed by the judge, if required by either party. Before reading the instructions to the jury the court shall, when requested, submit the same to counsel on either side and give counsel a reasonable time to suggest modifications thereof."

The last sentence in this statute was placed there in 1909 when the code of civil procedure was revised and amended. The change in the statute gives to litigants better opportunity to prepare and request additional instructions whenever they deem it necessary. The statute gives to counsel the right to inspect the instructions before they are given to the jury. If on inspection it is discovered that the instructions are not what counsel desires them to be, he has an opportunity to prepare special instructions to correspond with his wishes and submit them to the court with the request that they be given to the jury. Failure to do either of these things renders unavailing any complaint that the instructions were not as full and complete as they ought to have been. (*Foley v. Crawford*, 125 Kan. 252, 262, 264 Pac. 59.) The judgment should not be reversed because of the failure of the court to make the instructions more specific.

It may be argued that *Murray v. Geiser*, 79 Kan. 326, 99 Pac. 589; *Railway Co. v. Woodson*, 79 Kan. 567, 100 Pac. 633; *Coblentz v. Putifer*, 87 Kan. 719, 125 Pac. 30; and *Thompson v. Dyson*, 120 Kan. 591, 244 Pac. 867, are contrary to the conclusion reached in the present action. *Murray v. Geiser* and *Railway Co. v. Woodson* were decided under the code of civil procedure as it existed before it was amended and revised in 1909.

In *Coblentz v. Putifer*, 87 Kan. 719, 125 Pac. 30, decided in 1912, the court said:

"It is not for the jury to say whether a deed was reasonable or unreasonable, and unless they are properly instructed as to the meaning of reasonable it is error to charge that they may consider reasonableness as a basis for setting it aside."

That was an action to set aside deeds on the ground that they had been obtained by undue influence on the grantor, and that the grantor was not of sound mind and was incapable of making deeds. The court instructed the jury that it had the right to take into consideration "her physical and mental condition, her relations to her children and the grantees in the deeds, 'the nature of the trans-

action of executing said deeds, the reasonableness or unreasonableness of such deeds, and every other fact and circumstance in evidence touching upon the question.' " No comment was made by this court concerning the change in the statute.

In *Thompson v. Dyson*, 120 Kan. 591, 244 Pac. 867, this court said:

"Under R. S. 60-2909 it is the duty of the trial court to give general instructions to the jury. These should include a statement of upon which party rests the burden of proof, at least upon the main issues of the case."

In criticizing the instruction that had been given by the trial court, this court said:

"The difficulty with applying the rule here stated is that the instruction given in this case was not true as a general statement. The statute (R. S. 60-2909) requires the court to give general instructions to the jury, and includes a general statement of the burden of proof as it applies to the case, and if either party desires special instructions to be given, they should be requested. The error was in giving no general instruction on the burden of proof as applied to plaintiff, but in placing all of it upon defendants." (p. 593.)

These cases do not control in the present action.

■ The defendants argue that the court committed error in refusing to give the following instruction requested by them:

"You are instructed that an accommodation party is one who has signed an instrument as maker, acceptor or indorser without receiving value therefor, and for the purpose of lending his name to some other person. But an accommodation party is liable on the instrument to the holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The first sentence of the requested instruction was given, but the last sentence was not. The instruction requested stated the law correctly so far as it went, but it did not go far enough to justify the court in giving it to the jury. It should have defined a holder for value and should have declared his rights as such and the liability of the plaintiff as an accommodation maker of the note if the jury should find that he was such an accommodation maker.

In *Douglass v. Wolf*, 6 Kan. 88, this court said:

"The district court is not required to give instructions which need limitations and qualifications to make them applicable to the case. Instructions must be good as asked, or it is not error to refuse them." (Syl. ¶ 2.)

The first sentence of that language was repeated in *Condiff v. K. C. Ft. S. & G. Rld. Co.*, 45 Kan. 256, 25 Pac. 562.

In *Stone v. City of Pleasanton,* 115 Kan. 378, 223 Pac. 312, this court said:

"It is not error to refuse to give a requested instruction which fails to mention an important fact necessary to be considered in connection with the matters set out in the instruction." (Syl. ¶ 13.)

In *Kansas Ins. Co. v. Berry,* 8 Kan. 159, this court said:

"If an instruction as asked is not correct as an entirety, the court is not bound to correct it, but may reject it altogether." (Syl. ¶ 5.)

In *Dickson v. Randall,* 19 Kan. 212, 214, this language is found:

"An instruction must be good as asked, or it is not error to refuse it."

See, also, *State v. Perkins,* 112 Kan. 455, 457, 211 Pac. 139, and *Stone v. City of Pleasanton,* 115 Kan. 378, 223 Pac. 312.

Because the instruction requested did not state the law as it should have been given to render it applicable to the issues on trial in the present action, there was no error in refusing to give it.

It is argued that the court committed error in giving instruction No. 4. That instruction concerned the false representations that had been made to the plaintiff when his signature to the last two notes had been procured. There was evidence to show that false representations had been made to secure the signature of the plaintiff to them. It cannot be said that there was not evidence of false representations sufficient to justify the court in giving the instruction.

Complaint is made concerning the admission of evidence. This has been examined, but no prejudicial error has been discovered therein.

The judgment is affirmed.

Johnston, C. J., and Harvey, J., dissenting.