No. 33,810

The State of Kansas, *Appellee,* v. Jim Stiff, *Appellant.*

(80 P. 2d 1089)

Opinion filed July 9, 1938.

*Earl Knight,* of Arkansas City, and *Charles B. Hudson,* of Wichita, for the appellant.

*Clarence V. Beck,* attorney general, *Earle N. Wright,* county attorney, and *George Templar,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal is from the conviction upon a charge of attempted bribery of jurors. From June 14 to 22, 1937, there was on trial in the district court of Cowley county the case of *The State v. M. B. Light,* in which the defendant was charged with violations of the banking laws. The presiding judge was Hon. Edgar C. Bennett, judge of the twenty-first judicial district, sitting as judge pro tem under an appointment authorized by G. S. 1935, 20-311a. While the jury was deliberating upon a verdict two of the jurors informed the foreman that efforts had been made to bribe them to vote for an acquittal. The matter was reported to Judge Bennett, who conducted an inquiry. The two jurors, and others, made statements to the court which were taken by the court reporter. Judge Bennett commended the jurors for calling the matter to his attention, declared a mistrial in the case of *State v. Light,* and discharged the jury.

Soon thereafter this prosecution was commenced. The information was in two counts. The first count charged appellant with attempting to bribe W. L. Sailing, a juror in the Light case, and the second count charged him with attempting to bribe D. L. Zirkle, a juror in the same case. He was found guilty on both counts. His motion for a new trial was overruled, and because of the showing and finding of previous convictions of felony he was sentenced to life imprisonment, in conformity with G. S. 1935, 21-107a.

In this court complaint is first made of the court's instructions. At the time the instructions were given no objections were made to any of them, or were there any requests for other or additional instructions. The contention now is made that the court should have

instructed the jury with respect to the evidence of an accomplice. No one was charged in this case as an accomplice with defendant, nor do we find anything in the record which indicates that there was any contention made at the trial that anyone was an accomplice. It is pointed out, however, that with respect to the evidence of the attempt to bribe the juror Zirkle the negotiation was carried on between defendant and the juror's son. The evidence was to the effect that defendant contacted the juror's son, told him what he wanted his father to do, and the son was asked to see the father and report to defendant; that the juror told his son to continue the negotiations to see what it would lead to, and there is evidence of several conversations between defendant and the juror's son. We need not determine whether this would implicate the son as an accomplice, for that question is not before us. Appellant now contends the jury might have taken that view of it; hence, it was the duty of the court, under G. S. 1935, 62-1447, to give an instruction with respect to the manner in which the jury should weigh the testimony of an accomplice. The court was not required to give such an instruction unless it was requested to do so. (*State v. Patterson,* 52 Kan. 335, 34 Pac. 784; *State v. Miller,* 83 Kan. 410, 111 Pac. 437.)

The other complaints as to instructions go mainly to certain words or phrases which it is contended might better have been omitted, or other language used. There is nothing fundamentally wrong with any of the instructions given. The court followed the statute and gave all the essential pertinent instructions. If defendant was of the opinion that some of the language in the instructions might have been changed so as better, or more clearly, to express the thought in the mind of the court, he should have made that request at the time. (*Skaer v. American Nat'l Bank,* 126 Kan. 538, 268 Pac. 801; *State v. Harris,* 126 Kan. 710, 712, 271 Pac. 316.) We find it unnecessary to set these instructions out and deal specifically with each of the relatively trivial criticisms.

Appellant contends it was error for the court to send a certain exhibit, admitted in evidence at the trial, to the jury room. A witness for defendant testified she was present at the time of certain conversations between defendant and some of the witnesses for the state. She fixed these dates by a diary which she testified she kept daily. On cross-examination it was developed that a number of the entries in the diary evidently were written at the same time and by the same person and with the same lead pencil. She then admitted

that a part of the time covered by the entries she was in the hospital and that the entries covering that period were made after she returned home. It was the contention of the state that the entries pertaining to the pertinent dates indicated they were made at the same time a number of other entries were made. The book had been introduced in evidence, exhibited to the jury, and discussed in the argument of counsel. After the jury had been out considering its verdict it returned to the courtroom and asked to see the exhibit. Over defendant's objection the court permitted this exhibit to go to the jury room. Appellant complains that the court did so. We see no error in this ruling. At best it was a matter within the discretion of the trial court, and there is nothing to indicate that the court abused its discretion.

Appellant complains of remarks of prosecuting attorneys in their arguments to the jury. In answer to criticism by appellant's counsel of the two jurors for not reporting the attempted bribery directly to the court instead of to the foreman of the jury the county attorney read the remarks of Judge Bennett commending the action of the jurors. Appellant's objection is that the transcript containing those remarks had not been offered in evidence. There was a stipulation that the reporter who took notes of the hearing before Judge Bennett had taken them correctly and that they were properly transcribed. There is a debate between counsel as to whether this transcript had been offered in evidence. It had been used repeatedly by counsel on each side in the examination or cross-examination of witnesses who had given statements before Judge Bennett and commented upon by counsel. We regard it as immaterial whether the transcript had been offered in evidence or not. It is not contended the county attorney in this argument incorrectly quoted Judge Bennett. There is a controversy between counsel as to whether another statement complained of by appellant was made by one of the attorneys for the state in his argument. Counter affidavits on that point were before the trial court on the motion for a new trial. Obviously the trial court was of the opinion either that the statement had not been made, or, if made, was not prejudicial. We see no reason to disturb that finding.

When it came to pronouncing sentence on defendant the county attorney produced evidence that the appellant previously had been convicted in the federal court in Kansas in two cases in which he was charged with a conspiracy to violate the laws of the United

States, a felony under the federal statute (U. S. Criminal Code, §§ 37, 335, U. S. C. A., Title 18, §§ 88, 541), and had been sentenced to the penitentiary, and also that he had been convicted once on a similar charge in the federal court in Oklahoma and had been sentenced to six months in jail. In view of that evidence the trial court found that appellant previously had been convicted "a third time of a felony," and sentenced him to be confined in the penitentiary during his life. (G. S. 1935, 21-107a.) Appellant contends that a previous conviction of felony in a federal court does not authorize the imposition of the increased penalty under this statute. The point is not well taken. (See *In re Minner,* 133 Kan. 789, 3 P. 2d 473.) Appellant also contends that the felony referred to in our statute just cited means a felony defined by the laws of our state, and he points out that the offense for which he was convicted in the federal court was conspiracy, in which an overt act was shown to have been committed, to violate the laws of the United States. He argues this is not a felony under the Kansas statute and that our state has no statute making conspiracy to violate the law in which an overt act is committed an offense of any kind. The point is not well taken. The statute specifically applies to a former conviction of felony "in or out of this state." (And see *In re Minner,* supra.) A few cases from other states are cited by appellant in support of his views, but in those states the statute before the court differed materially from our statute; hence, the cases are not in point.

Appellant does not contend that the evidence was insufficient to support the verdict; hence, we have not attempted a detailed statement of the evidence. It is sufficient to say there was direct and positive evidence to sustain the charges made in the information.

We find no error in the record. The judgment of the court below is affirmed.