No. 44,471

STATE OF KANSAS, *Appellee*, v. LARRY E. WOOD, *Appellant*.

(413 P. 2d 90)

Opinion filed April 9, 1966.

*Larry Kirby,* of Wichita, argued the cause, and *Russell Shultz,* of Wichita, was with him on the brief for the appellant.

*Richard K. Hollingsworth,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant Larry E. Wood was convicted by a jury in the district court of Sedgwick county on two counts of burglary in the second degree (K. S. A. 21-515), two counts of grand larceny (K. S. A. 21-524) and one count of possession of a firearm after previous conviction of a felony (K. S. A. 21-2611).

A motion for new trial was overruled and defendant perfected this appeal. Four specifications of error are set out by defendant as follows:

"1. The Court erred in failing to instruct the jury with respect to the caution which should be exercised in considering and weighing the testimony of an accomplice.

"2. The Court erred in admission of illegal evidence and made erroneous ruling on testimony.

"3. The judgment and verdict was contrary to the law and evidence, and the verdict was sustained by insufficient evidence.

"4. The Court erred in failing to grant a new trial."

In the first two counts of the information, the defendant was charged with one Johnita Means with a burglary and larceny of the dwelling house of Frederick A. Weesner in Wichita on January

21, 1965. In the third count defendant was charged with possessing a .38 caliber revolver after conviction of a felony. In the fourth and fifth counts of the information defendant was charged with burglary and larceny of the dwelling house of Kem W. Hedberg on or about January 23, 1965.

At the outset we are confronted with the state's challenge of defendant's right to be heard on those specifications of error which were not urged at the hearing on the motion for new trial. The record includes a complete transcript of the arguments on the motion for new trial and reflects that only the first specification was argued to the district court. The state contends, that under the established rule of this court the defendant lost his right to have trial errors which were not argued to the trial court on his motion for new trial, considered on appeal. See *State v. Malone*, 194, Kan. 563, 400 P. 2d 712; *State v. Hayes*, 169 Kan. 505, 219 P. 2d 442, and cases cited therein. Defendant concedes in his brief that only one contention was presented but attempts to circumvent the rule on the ground that counsel was not allowed sufficient time to prepare for the hearing on the motion for new trial. At this point it should be stated that prior to arraignment and during the trial defendant was represented by appointed counsel, Hal Malone, of Wichita. At the conclusion of the trial the district court fixed the time for filing a motion for new trial at seven days, notwithstanding the provisions of K. S. A. 62-1723, which directs the court to fix a time not exceeding five days. The statute further provides that such motion shall be heard and determined as expeditiously as possible and in no event later than thirty days after it is filed.

The motion for new trial contained all of the contentions of defendant that are set out in his specifications of error on appeal. The motion was signed and filed by Mr. Malone as attorney for defendant. The record reveals that the verdict of the jury was returned on October 6, 1965, and on statement of counsel that he desired to file a motion for new trial defendant was given until October 13, 1965, to file said motion and a hearing thereon was set for October 14, 1965, at 9:30 A. M.

At some time subsequent to the trial and prior to the hearing on the motion for new trial present counsel, Mr. Russell Shultz, was retained by defendant. The motion for new trial was called for hearing on October 14, 1965 and the defendant was present in person and by his appointed counsel, Hal Malone, and his retained

counsel, Russell Shultz. The record further discloses that upon motion of defendant the hearing. was continued until 2:00 P. M. October 15, 1965, the next day. The brief continuance was not objected to by defendant, nor was further continuance requested; and the hearing was had on October 15, 1965. It is to be noted that court-appointed counsel, Mr. Malone, and retained counsel, Mr. Shultz, are both experienced, capable attorneys. It would appear that nine and one-half days would be sufficient time for two experienced attorneys to determine any meritorious grounds for a new trial in a trial which lasted only two days. From the circumstances related, it must be concluded that counsel found only one ground to be of merit.

However, since the nature of the question remaining for our review requires examination of the entire record, other contentions will be considered although we are not called upon to do so.

The contention of defendant argued on the motion for new trial, and which is most vigorously urged by defendant in this appeal, is the refusal of the trial court to instruct with respect to the caution which should be exercised in weighing the testimony of an accomplice.

The record reflects the following request by defendant's counsel:

"MR. MALONE: Comes now the Defendant and moves the Court for an instruction instructing the jury to the effect that the testimony of an accomplice should be regarded and weighed with greater care and caution, based upon the case of *State v. Jim Stiff*, 148 Kans. 224, wherein the Court indicates in Syllabus 1 that the failure of the Court to so instruct is not error where no request is made for such instruction. The Defendant, therefore, requests such an instruction be given.

"THE COURT: Overruled."

The trial court charged the jury generally as to its consideration of the credibility of witnesses and weight of the evidence to which there was no objection. The instruction provided in pertinent part as follows:

"You are the exclusive judges of·all the facts appearing in the case, of the weight of the evidence and of the credibility of the witnesses. It is for you to decide what weight shall be given to the evidence and what credit shall be given to the testimony of the various witnesses."

Johnita Means was an accomplice of the defendant in the perpetration of the burglary and larceny of the home of Frederick A. Weesner as charged in counts one and two of the information. She testified in detail as to her participation in the breaking and entering

of the Weesner residence during the night of January 21, 1965, and removing therefrom a television set, some bedroom furniture and various other household effects. Her testimony was entirely with respect to the Weesner burglary and larceny. The only reference in her testimony to other charges was in regard to the Hedberg property which was found in her apartment. In this connection she testified in answer to a question as to where it came from, "He brought it over."

A summary of other prosecution testimony is necessary for consideration of the issue presented. Mr. Weesner was a pharmacist employed by the Hawk Pharmacy in Wichita. He lived alone. On January 21, 1965, the day in question, he left home around noon and did not return until about 11:15 that night. He testified that upon leaving he locked his doors. When he returned that night he found "quite a mess." A Zenith T. V., a Hoover vacuum sweeper, a .38 caliber pistol, with holster and shells, a Philco radio, two chests of drawers, a dressing table, lamp, a transistor radio and various other items of household and personal effects were missing. He further testified that most of his property was recovered and all released back to him except the T. V. set, pistol, jewelry case and hairbrush, which he identified when offered as exhibits in evidence at the trial. He further testified that the back door had been forced and the screen had a hole punched in it. He also stated he knew Johnita Means but did not know the defendant Larry Wood.

The witness Edith M. Tucker testified for the state. She lived in an apartment directly behind the apartment of Mr. Weesner. Her apartment adjoined the parking lot. She testified that on the night of January 21, 1965, after dark, approximately 9:45 P. M., she heard noises. She saw a trailer parked in the parking lot at the back door of the Weesner apartment. Furniture was being placed in the trailer by two people, one a man, and the other either a very young boy or a woman. She stated she couldn't see any faces, just the outlines of the people. She further testified that the defendant, Larry Wood, was about the same size as the man she saw that evening. She also stated that the trailer was blue in color with no top and did not have any signs on it. On cross-examination Mrs. Tucker testified that she thought the larger person was a man because of the way he was dressed and that the other person was a woman because it was a very small person and dressed like a woman.

Detectives Moffitt and Davis and officer Scroggins, of the Wichita police department, also testified on behalf of the state. Davis and Moffitt testified they were assigned to the investigation of the Weesner burglary. They determined that defendant Wood had rented a blue trailer matching the one described by Mrs. Tucker. They also determined that defendant Wood associated with Johnita Means and Stephanie Lehner and that Miss Lehner was acquainted with Mr. Weesner. They found the Weesner and Hedberg property in the Means' apartment after obtaining a search warrant. They also determined that the .38 caliber pistol taken from the Weesner apartment had been given by defendant Wood to Doris Yeubanks and Connie Starr, both of whom also testified to this event. A substantial portion of the testimony of both detectives related to the oral confession of defendant. In their conversation with the defendant on the night of January 26, 1965, Moffitt and Davis testified the defendant confessed committing the Weesner burglary and another burglary up northeast, he thought Saturday night, three or four days prior, in which a television set, adding machine, desk ornaments and other property was taken and delivered to the apartment of Johnita Means. This property was later identified as being taken from the Hedberg place. The state's case, consisting of direct testimony and circumstantial evidence, considered as a whole, is clearly sufficient to substantiate the jury's verdict on all five counts. As heretofore stated, the witness Means did not testify in any respect as to the Hedberg burglary and defendant's possession of the .38 caliber pistol. Her testimony was directed exclusively to the Weesner burglary and larceny. The record clearly reflects ample evidence to substantiate the verdict of guilty as to the Weesner burglary and larceny in the absence of any testimony by the witness Means.

A review of the evidence reveals that in no instance was a fact essential to the conviction of defendant of the Weesner burglary and larceny supplied by the testimony of Johnita Means standing alone. Her testimony merely corroborated the confession of defendant which was further corroborated by other witnesses and physical facts.

The precise issue developed for our determination is whether or not the refusal of the trial court to submit the cautionary instruction amounted to reversible error when the testimony concerned was only cumulative.

In his extensive review of cases dealing with the subject defendant directs our attention to decisions of this court in which cautionary instructions were approved. (*State v. Kellerman,* 14 Kan. 135; *State v. Adams,* 20 Kan. 311; *State v. Greenburg,* 59 Kan. 404, 53 Pac. 61 and *State v. Burgett,* 174 Kan. 102, 254 P. 2d 254.) In *State v. Patterson,* 52 Kan. 335, 34 Pac. 784, it was held that unless the testimony of an accomplice was corroborated by other evidence as to some material fact the trial judge had a duty, if requested so to do, to advise the jury not to convict upon the testimony of an accomplice alone.

In *State v. McDonald,* 107 Kan. 568, 193 Pac. 179; *State v. Bolton,* 111 Kan. 577, 207 Pac. 653 and *State v. Eyth,* 124 Kan. 405, 260 Pac. 976, instructions were approved which cautioned the jury in accepting and acting upon the *uncorroborated* testimony of an accomplice. In such cases the necessity of the cautionary instruction is obvious.

In *State v. Miller,* 83 Kan. 410, 111 Pac. 437 and *State v. Stiff,* 148 Kan. 224, 80 P. 2d 1089, it was held that failure to submit the cautionary instruction was not error when no request was made. In the Miller case the court further stated that a jury of ordinary intelligence would naturally receive with caution the testimony of a confessed accomplice without such an instruction.

The substance of defendant's argument appears to be that those cases, in which failure to submit the cautionary instruction was held not to be error when the instruction was not requested, are authority by inference for finding error on failure to submit the instruction when requested.

When confronted with the identical problem on appellate review in *United States v. Becker,* 62 F. 2d 1007, (2 Cir. 1933,) Circuit Judge Learned Hand, speaking for the court, stated,

"The warning is never an absolute necessity. It is usually desirable to give it; in close cases it may turn the scale; but it is at most merely a part of the general conduct of the trial, over which the judge's powers are discretionary, like his control over cross-examination, or his comments on the evidence. If he thinks it unnecessary—at least when, as here, the guilt is plain—he may properly refuse to give it." (p. 1009.)

The statement of Judge Hand has been cited as the rule in a number of later federal cases. See *Lyles v. United States,* 249 F. 2d 744 5 Cir. 1957, and cases cited therein. In *Stoneking v. United States,* 232 F. 2d 385, 8 Cir. 1956, certiorari denied, 352 U. S. 835, a cau-

tionary instruction was requested and refused. In holding it was not reversible error the court stated:

"There is another, very cogent reason why failure to give defendant's second requested instruction was not error in this particular case. It is, of course, the better practice to give the instruction where the testimony of the accomplices lacks corroboration, but in the instant case we think there was substantial corroboration of the testimony of the two accomplices. . . . We find no error in connection with appellant's second point." (p. 392.)

Excluding entirely the testimony of accomplice Means as to the Weesner burglary and larceny, we find the verdict supported: First, by the confession of the defendant; Second, by the testimony of the witness Tucker, who, while unable to identify the defendant, did identify the trailer and describe the circumstances and loading of the trailer as an eye-witness; Third, by the persuasive circumstantial evidence developed by the testimony of the state's witnesses concerning the physical evidence of the breaking and enterering and the recovery of the Weesner property. We must agree with the state's contention that the testimony of the witness Means did nothing more than corroborate defendant's own confession and the other evidence of the state pointed out herein. Such being the case, even though we agree with the statement of Judge Hand that it is usually desirable to give the cautionary instruction we cannot say that refusal amounts to prejudicial trial error where the testimony concerned is only cumulative. We have so held in the case of erroneously admitted evidence.

In this case if the testimony of the witness Means had been erroneously admitted and should not have been considered by the jury at all the situation would have been analagous to that in *State v. Vernon King*, 190 Kan. 825, 378 P. 2d 147, wherein it was stated:

"Assuming, without deciding, that any such evidence was improperly admitted, it was merely cumulative in nature and hence did not result in prejudice to his substantial rights. Under these circumstances error, if any, in the admission of this evidence must, under our statute, G. S. 1949, 62-1718 be disregarded." (pp. 831-832.)

In considering that a trial error must be prejudicial in order to justify reversal, in the recent case of *State v. Bailey*, 184 Kan. 704, 339 P. 2d 45, this court stated:

"Therefore, even if it can be said that it was error to admit the results of the blood test in evidence, it was merely cumulative and cannot be said to have affected the substantial rights of the accused. (G. S. 1949, 62-1718;

*State v. Radke,* 168 Kan. 334, 212 P. 2d 296; and *State v. Linville,* 150 Kan. 617, 95 P. 2d 332.)" (p. 712.)

From a careful examination of the entire record and our research of authorities on the subject we are drawn to the conclusion that under the facts and circumstances present in this case no reversible error was committed in failing to give the requested cautionary instruction.

In examining the record for the purpose of resolving the issue before us our attention was directed to other errors complained of by defendant. In passing, we note that defendant's contention of the admission of illegal evidence over his objection on the grounds that it was hearsay cannot be maintained since the testimony complained of was not abstracted by defendant in the record. The objection was to a portion of the testimony of officer Scroggins. The only reference made to such testimony by defendant in the record was narrated as follows:

"Officer Scroggins then testified to statements made to him by Mrs. Yewbanks. These statements were objected to on the ground as being hearsay."

On such a showing we could not review the question without indulging in speculation and conjecture and by the long established rule of this court we are precluded from reviewing a claim of error based on insufficient identification. (*State v. Montgomery,* 175 Kan. 176, 261 P. 2d 1009.)

As to defendant's contention of error in the court's failure to instruct on defendant's alibi, an examination of the testimony of defendant's witnesses on this point reveals a failure to establish the alibi by their testimony. It is further noted that defendant failed to request such an instruction.

We find no error of the trial court which would justify a reversal and the granting of a new trial.

The judgment is affirmed.