No. 44,510

Leo C. Patterson, *Appellant*, v. State of Kansas, *Appellee*.

(426 P. 2d 42)

Opinion filed April 8, 1967.

*Harrison Smith*, of Garden City, argued the cause and was on the brief for the appellant.

*Ted R. Morgan*, County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, C. J.: Petitioner appeals from an order denying relief under K. S. A. 60-1507.

Petitioner was charged with burglary in the second degree. He was represented by counsel at his preliminary examination and was bound over to the district court. On April 16, 1965, he appeared in the district court. His former counsel being ill, new counsel was appointed at his request. A plea of guilty was entered and he was sentenced to confinement in the penitentiary.

While confined, petitioner bombarded the sentencing court with letters and voluminous motions attacking his sentence. A transcript of the proceedings was furnished to him free of charge. His motions—eight in number—were treated by the court as motions for relief under K. S. A. 60-1507.

On November 8, 1965, the court heard the matter. Petitioner was not returned from the penitentiary and no "evidentiary hearing" was held. From a detailed examination of the file the court found that petitioner's contentions—which for the most part concerned the alleged inadequacy of counsel—raised no question of fact so as to require his presence, and that all contentions were without merit.

Relief was denied—hence this appeal.

Among other things—it is contended the court erred in failing to appoint counsel and in not holding an evidentiary hearing on his motions to vacate sentence. It also is contended the court failed to make findings of fact and conclusions of law, and that as no re-

sponsive pleading was filed by the state—judgment on the pleadings should have been entered in his favor.

Petitioner's contentions are completely without merit.

At the time petitioner entered his plea of guilty and before sentence was pronounced he was questioned in detail by the court— in fact, the proceedings cover eleven pages of the record, and they clearly establish that his rights were protected at every step and that he had a full understanding of the charge and the consequences, and that his plea of guilty was understandingly and voluntarily made. Under the record the presence of petitioner, appointment of counsel, and a formal evidentiary hearing were not required (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971; *Chappell v. State,* 197 Kan. 407, 409, 416 P. 2d 786; *Van Dusen v. State,* 197 Kan. 718, 726, 727, 421 P. 2d 197). Contrary to petitioner's contention the court, in denying relief, made findings of fact and conclusions of law.

The judgment is affirmed.