No. 45,230

CLARENCE WOLFE, JR., *Appellant,* v. STATE OF KANSAS, *Appellee.*

(443 P. 2d 260)

Opinion filed July 13, 1968.

*Patrick J. Reardon,* of Leavenworth, argued the cause, and *Thomas J. Brown, Jr.,* of Leavenworth, was with him on the brief for the appellant.

*James N. Snyder, Jr.,* assistant county attorney, argued the cause, and *Joseph J. Dawes, Jr.,* county attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal from an order denying post conviction relief.

Appellant Clarence Wolfe, Jr., while serving a sentence in the Kansas State Penitentiary at Lansing, was charged with the murder of another inmate of the penitentiary. Thereafter he was convicted by a jury of the offense of murder in the first degree and sentenced March 26, 1964, to life imprisonment. Upon direct appeal to this court that conviction was affirmed (*State v. Wolfe,* 194 Kan. 697, 401 P. 2d 917). On October 27, 1965, appellant was denied relief by way of habeas corpus in the United States District Court for the District of Kansas (*Wolfe v. Crouse,* No. 3930 H. C.).

Appellant then filed his petition to vacate the sentence pursuant to K. S. A. 60-1507. Present counsel was appointed to represent him

and a hearing was held at which appellant was present and testified. The petition was denied, hence this appeal, for which the same counsel was reappointed.

Appellant's first assignment of error is that the prosecution failed to serve him with a copy of the information charging him with a capital offense at least forty-eight hours prior to his preliminary hearing in magistrate court in violation of K. S. A. 62-1302. Manifestly this plaint is advanced by appellant personally, rather than his counsel. It misapprehends the plain wording of the statute which by its express terms applies only to an information filed in district court after an accused has been held for trial as a result of preliminary examination, and requires service of a copy thereof upon the defendant in a capital case at least forty-eight hours prior to his arraignment in district court upon such information. Appellant concedes he was informed of the charge against him in magistrate court prior to preliminary examination.

Appellant next complains he was not furnished counsel at his first appearance before the magistrate court although he requested counsel at that time. Presumably this was upon return of the warrant by the arresting officer. Here again appellant concedes he was informed of his right to counsel, and he was, in fact, represented at preliminary hearing, and at all stages of the trial thereafter, by counsel retained by his parents. The record is silent as to exactly when this representation commenced. In any event, during the absence of counsel appellant made no incriminating statements, he suffered no disadvantage, none of his rights were impaired or lost, and there is no showing at any critical stage of the proceedings against him of constitutional deprivation of counsel (*State v. Zimmer*, 198 Kan. 479, 426 P. 2d 267, cert. den., November 6, 1967, 289 U. S. 933, 19 L. ed. 2d 286, 88 S. Ct. 298).

Appellant's principal complaints stem from his attempt to show a recanting of testimony by another inmate at the penitentiary who had testified against appellant at the trial as an eye-witness to the murder. The purported recantation was based upon appellant's own testimony as to what had been told him by still other inmates and upon notes given him by the latter. While on the witness stand testifying in his own behalf appellant orally requested that subpoenas be issued for certain named individuals to substantiate the alleged out-of-court recantation. The trial court declined to do this. It may be noted the witnesses sought did not include the alleged recanter.

The trial court ruled correctly. Aside from its wholly hearsay character and somewhat equivocal nature, and the inherent unreliability of this kind of testimony, the proposed evidence went directly to the guilt or innocence of the appellant. This court has held many times that the guilt or innocence of a convicted person is not properly justicable in a 60-1507 proceeding (see, *e. g., Hanes v. State,* 196 Kan. 404, 411 P. 2d 643; *Kiser v. State,* 196 Kan. 736, 413 P. 2d 1002; *Van Dusen v. State,* 197 Kan. 718, 421 P. 2d. 197; as to issues which are justicable thereunder, see *Ware v. State,* 198 Kan. 523, Syl. ¶ 1, 426 P. 2d 78).

In this case there was no showing that the county attorney procured or knowingly used perjured testimony of the inmate witness in the conviction of appellant.

Resort to the record on the direct appeal by appellant from his conviction (*State v. Wolfe,* supra) reveals fourteen witnesses testified for the prosecution, including at least two eyewitnesses who named appellant as striking the murderous blow. Eight witnesses, including appellant, testified for the defense. Nothing is shown by appellant justifying a rerun of that trial or vacation of its result.

Appellant does maintain the county attorney suppressed a pretrial statement made by him. The statement was exculpatory in nature and was allegedly made, not to the county attorney, but to officers investigating the murder in question. Appellant's contention of suppression was a pure testimonial conclusion on his part, no facts being given to support it. Mere conclusionary contentions of a petition in a 1507 proceeding for which no evidentiary basis is stated or appears are not sufficient basis for relief from conviction. Moreover, appellant has not shown how any failure on the part of the county attorney to adduce his exculpatory statements has prejudiced his substantial rights. As indicated, appellant testified in his own behalf but, obviously, his protestation of innocence was rejected by the trier of the facts.

The trial court's judgment was correct and it is affirmed.

APPROVED BY THE COURT.