No. 46,104

LARRY E. WOOD, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(479 P. 2d 889)

Opinion filed January 23, 1971.

*Gillard Cohen*, of Wichita, argued the cause and was on the brief for the appellant.

*Reese C. Jones*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, *Keith Sanborn*, county attorney, and *R. K. Hollingsworth*, deputy county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The petitioner, Larry E. Wood, has appealed from an order summarily denying his motion for post-conviction relief filed under K. S. A. 60-1507.

In October 1965 Wood was convicted by a jury in the district court of Sedgwick county on two counts of burglary in the second degree (K. S. A. 21-515), two counts of grand larceny (K. S. A. 21-524), and one count of possession of a firearm after previous conviction of a felony (K. S. A. 21-2611). The judgment and sentence were affirmed by this court in *State v. Wood*, 196 Kan. 599, 413 P. 2d 90.

In his *pro se* motion, petitioner alleged as grounds for relief that: (1) he did not confess to the crimes with which he was charged because he was innocent; and (2) if he did make the oral confession as disclosed by the state's evidence at trial, he was not

advised prior to or during interrogation of his right to counsel, nor did he waive the right to have counsel present.

The first ground is patently without merit for the reason that the question of guilt or innocence is not properly justiciable in a K. S. A. 60-1507 proceeding. (*Wolfe v. State,* 201 Kan. 790, 443 P. 2d 260 and cases therein cited.) The defense of alibi being asserted was presented and determined during the trial and affords no basis for post-conviction relief.

By the second ground of his motion, petitioner attempts to raise a trial error affecting his constitutional rights. Although conceding no objection was registered at trial, petitioner now contends that the testimony pertaining to his oral confession was erroneously admitted, and further, that he was not accorded a *Jackson v. Denno,* (378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774) hearing on the issue of its voluntariness.

Under Rule 121 (*c*) (3) (Rules of the Supreme Court, 205 Kan. xlv) trial errors are to be corrected by direct appeal, unless they affect constitutional rights and there were exceptional circumstances excusing the failure to raise the alleged errors in the direct appeal, in which case they may be considered in this type proceeding. (*Eaton v. State,* 206 Kan. 187, 476 P. 2d 694; *Baker v. State,* 204 221. Also, see, *Tuscano v. State,* 206 Kan. 260, 478 P. 2d 213; *Hannon v. State,* 206 Kan. 518, 479 P. 2d 852; *Jackson v. State,* 204 Kan. 841, 466 P. 2d 305; *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782.) In his direct appeal (*State v. Wood,* supra) petitioner made no effort to question the admissibility of his confession. This presents a different situation than in *Holt v. State,* supra, and *Baker v. State,* supra, where the petitioner in each instance was thwarted in his attempt to present a trial error affecting constitutional rights in his direct appeal because of an appellate procedural rule which had since been abrogated. In those cases we held exceptional circumstances existed. Here, however, there has been no showing of any exceptional circumstances excusing petitioner's failure to raise the point in his direct appeal. (*Eaton v. State,* supra.)

For the foregoing reasons, petitioner's motion failed to disclose any substantial issue of fact or question of law. Hence, the sentencing court was not required to appoint counsel and hold a full evidentiary hearing with petitioner present. (See, e. g. *Perry v.*

*State,* 200 Kan. 690, 438 P. 2d 83; *Patterson v. State,* 198 Kan. 507, 426 P. 2d 42; *Coates v. State,* 196 Kan. 607, 413 P. 2d 81.)

The judgment is affirmed.