(573 P.2d 637)
No. 49,269

KENNETH DARREL JACKSON a/k/a JESSE JACKSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Petition for review denied January 25, 1978.

Opinion filed December 16, 1977.

*F. L. McGinley,* of Whalen, McGinley and Fairbanks, P. A., of Goodland, for the appellant.

*Perry Warren,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before SPENCER, P.J., FOTH and SWINEHART, JJ.

FOTH, J.: In November, 1975, a jury convicted the appellant of the unlawful possession of a firearm; in November, 1976, the Supreme Court affirmed the conviction in an unpublished opinion. In March, 1977, the appellant filed a motion to vacate under K.S.A. 60-1507, asking that he be granted a new trial. The trial court appointed counsel but denied the motion without an evidentiary hearing. This appeal followed.

The Supreme Court summarized the evidence against the appellant when it considered his direct appeal. The court stated:

"A .32 caliber pistol with a barrel less than twelve inches long was found in the glove compartment of an automobile rented by appellant. Appellant was driving the automobile at the time it was stopped by police and he possessed the key to the glove compartment. Two witnesses who had been in appellant's vehicle during the episode in question testified appellant had threatened to shoot a drug purchaser if he turned out to be a narcotic agent, that appellant stated he always carried a gun and that he then had a .32 pistol in the glove compartment. . . ."

The present motion is based on allegedly newly discovered evidence from three sources: (1) In an affidavit filed with appellant's motion his wife says that she is the sole owner of the gun found in the appellant's car, and that she placed it in the glove compartment without his knowledge. She explains that she did not come forward with the information at the trial because she was fearful of being arrested for owning an unregistered firearm and because she was having marital problems with the appellant. (2) Her story is partly corroborated by a handwritten, unsworn statement of a James R. Simmons that he sold the gun to her the day before the appellant was arrested. (3) An inmate incarcerated with the appellant at Lansing, one James Edwin Pooley, says that he was present during the conversation testified to by the state's witnesses and that he heard no mention of a gun by the appellant. The appellant claims that not until he met Pooley in prison and talked with him did he become aware that Pooley witnessed the conversation in question.

The trial court was clearly correct in denying the motion under 60-1507. Relief under that section is available only if the conviction or sentence is subject to collateral attack; guilt or innocence is not a justiciable issue. See, *e.g., Potts v. State,* 214 Kan. 369, 520 P.2d 1259; *Davis v. State,* 210 Kan. 709, 504 P.2d 617; *Wood v. State,* 206 Kan. 540, 479 P.2d 889; *Wolfe v. State,* 201 Kan. 790, 443 P.2d 260.

Newly discovered evidence is, however, grounds for a new trial motion under K.S.A. 22-3501. Appellant's motion was timely under that section, and liberally construed could be read as requesting the relief provided for therein. *Pro se* pleadings of laymen are entitled to such a liberal construction so that relief may be granted if warranted by the facts alleged, without regard to the form of the pleading. Compare, *e.g., Levier v. State,* 209 Kan. 442, 497 P.2d 265. It is the substance of the motion that

controls, not the form. *Ten Eyck v. Harp,* 197 Kan. 529, 533, 419 P.2d 922.

In the order below the court denied both a hearing under 60-1507 and a new trial, thus disposing of the motion in both its aspects. Our Supreme Court recently restated the principles governing motions under 22-3501 in *State v. Johnson,* 222 Kan. 465, 471, 565 P.2d 993:

"The granting of a new trial for newly discovered evidence is in the trial court's discretion. (*State v. Larkin,* 212 Kan. 158, 510 P.2d 123, cert. den. 414 U.S. 848, 38 L.Ed.2d 95, 94 S.Ct. 134.) A new trial should not be granted on the ground of newly discovered evidence unless the evidence is of such materiality that it would be likely to produce a different result upon re-trial. (*State v. Hale,* 206 Kan. 521, 479 P.2d 902.) The credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Anderson,* 211 Kan. 148, 505 P.2d 691; *State v. Larkin,* supra.) The burden of proof is on defendant to show the alleged newly discovered evidence could not with reasonable diligence have been produced at trial. (*State v. Lora,* 213 Kan. 184, 515 P.2d 1086; *State v. Arney,* 218 Kan. 369, 544 P.2d 334.) The appellate review of an order denying a new trial is limited to whether the trial court abused its discretion. (*State v. Campbell,* 207 Kan. 152, 483 P.2d 495; *State v. Anderson,* supra.)"

Tested by those standards the allegedly newly discovered evidence did not compel a new trial. The statements of Simmons and the appellant's wife regarding ownership of the gun are not material because the appellant was convicted of possession, not ownership, of a firearm. The statements of Pooley that he heard no mention of a gun and of appellant's wife that she placed the gun in the appellant's car without his knowledge are relevant to the intent to possess, but are contradicted by the testimony of the two disinterested state's witnesses. Furthermore, the statements of both Pooley and appellant's wife are of questionable credibility. Pooley is a newly found friend from the penitentiary, whose testimony is suspect. Compare with *State v. Law,* 203 Kan. 89, 452 P.2d 862, and *State v. Rincones,* 209 Kan. 176, 495 P.2d 1019. See, also, *State v. Jones,* 222 Kan. 56, 63-4, 563 P.2d 1021. It seems highly unlikely that an unidentified third party was standing by appellant's car in a position to overhear the details of a clandestine drug buy. And appellant's wife, despite the claimed marital difficulties, came to Goodland from her home in Kansas City and attended court throughout appellant's original trial. The trial court would have been amply justified in finding both stories to be recent inventions.

Based on the same considerations, there is nothing to show

reasonable diligence in discovering the evidence, if true. The alleged bystander, Pooley, should have been obvious to appellant, and the alleged marital difficulties would not have prevented appellant's trial counsel from at least asking her if she knew anything about the gun which mysteriously appeared in appellant's glove compartment alongside the 20,000 pills appellant was selling. According to her statement she had borrowed the car while appellant was visiting her home, a fact appellant would obviously have known.

We cannot find an abuse of discretion in denying a new trial on a finding either that the newly discovered evidence was not credible, or that it could have been produced at trial with reasonable diligence.

On appeal appellant also raises two issues relating to the admission of evidence at his trial. Neither was raised in the motion filed below, and both were fully considered by the Supreme Court in his direct appeal. A motion under 60-1507 cannot be used as a second appeal. *E.g., Jenkins v. State,* 211 Kan. 593, 506 P.2d 1111; *Cipolla v. State,* 207 Kan. 822, 486 P.2d 1391.

Affirmed.