(587 P.2d 923)

No. 49,698

STATE OF KANSAS, *Appellee,* v. REGINALD SHUCKAHOSEE, *Appellant.*

Opinion filed December 8, 1978.

*John M. Solbach,* of Lawrence, for the appellant.

*Samuel L. Schuetz,* county attorney, and *Curt T. Schneider,* attorney general, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

FOTH, C.J.: Defendant was convicted by a jury of aggravated assault, committed with a pistol. It appears that defendant offered to shake hands with one Gary Blacksmith, a younger man who was seated at a table in a Horton tavern. When Blacksmith didn't respond, defendant chided him for not standing to shake hands with his elder, then placed a loaded pistol under the victim's chin, forcing him to rise.

On appeal defendant raises five points. Four of them can be disposed of summarily.

1.   Defendant made no showing of community prejudice re-

quiring a change of venue. The newspaper stories offered, standing alone, were insufficient. See *State v. McCorgary,* 218 Kan. 358, 367, 543 P.2d 952 (1975), *cert. denied* 429 U.S. 867 (1976).

2. A new trial was not required by any of the factors cited by defendant. (a) The cross-examination of the victim as to the reason for his incarceration was inadmissible to impeach his credibility by virtue of K.S.A. 60-421. On the issue of the victim's supposed incapacity to be put in fear by a loaded pistol placed under his chin, it had marginal relevance if any. Assuming it was offered for this purpose, its exclusion was not an abuse of discretion. *Jackson v. State,* 1 Kan. App. 2d 744, 573 P.2d 637 (1977), *rev. denied* 223 Kan. clxxi (1978). (b) There is no showing that a "psychological profile" of the victim, in the possession of a prosecutor in another county, was exculpatory or that it was in fact suppressed. *Cf. State v. Hornbeak,* 221 Kan. 397, Syl. ¶ 5, 559 P.2d 385 (1977). The fact that the victim of the assault was himself capable of violence had little bearing on his capacity to incur fear in the face of a loaded gun. (c) As will be discussed under point 5, defense counsel's failure to object to the prosecution's closing argument did not require a new trial because the argument itself was not improper.

3. The mandatory sentencing law for crimes committed with a firearm, K.S.A. 1977 Supp. 21-4618, is not unconstitutional. *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1978); *State v. Stuart and Jones,* 223 Kan. 600, Syl. ¶ 3, 575 P.2d 559 (1978).

4. The trial court lacks power under that statute to suspend the execution of sentence. *State v. Stuart and Jones,* 223 Kan. at 600, Syl. ¶ 4.

5. Defendant's final point is the alleged ineffective assistance of counsel, and encompasses six separate areas where counsel's conduct of the trial is said to be deficient. Of these six, five are without merit.

(a) An objection was not required to either the prosecution's closing argument or the testimony of Arnetta Cutshell, who was present during the assault. At issue was the reasonableness of the victim's testimony that he was put in fear. The argument merely asked the jury to put themselves in the victim's shoes—surely a legitimate argument and wholly unobjectionable. Cutshell's testimony that the incident put her in fear and the prosecutor's argument based on it merely added color to the incident and were

both relevant to the same issue and not subject to objection. Neither can we fault defense counsel for keeping from the jury references to the "Strawberry Hill" incident. *Any* objection, however well founded, may give the jury the impression that counsel is hiding something. That effect is something counsel must constantly weigh during a trial in deciding whether to object. While a pretrial motion *in limine* might have avoided the dilemma, we are not prepared to say one was required.

(b) Despite counsel's ingenious argument on appeal there was simply no evidence which would have justified a self-defense instruction. See *State v. Childers,* 222 Kan. 32, 48-9, 563 P.2d 999 (1977). Failure to request one was not a sign of ineffectiveness of trial counsel.

(c) The instructions adequately defined assault and aggravated assault. The PIK instructions given (56.12 and 56.14) included the element of intent, and counsel was not remiss in failing to request a further instruction on that element.

(d) Defense counsel did not attempt to show that Blacksmith was incapable of fear, but did attempt to show that Blacksmith was not in fact in fear of bodily harm. The closing argument of defense counsel makes repeated reference to what was claimed to be a failure in the State's proof on this element. The fact that there was no pursuit of what strikes us as an improbable, even fanciful, theory of defense does not mean that counsel was "ineffective." In our opinion few if any reasonably competent defense lawyers would have based their defense on attempting to establish the existence of a man with no fear of loaded guns. *Cf. Schoonover v. State,* 2 Kan. App. 2d 481, Syl. ¶ 3, 582 P.2d 292 (1978).

(e) Finally, we reach the contention which we find requires a remand. Agent James V. Young of the Kansas Bureau of Investigation testified as to his interrogation of defendant in the Brown County Law Enforcement Center on May 9, 1977, after defendant had been in custody for about a week. Agent Young testified that he gave defendant the *Miranda* warning and that defendant thereafter described the assault, beginning with the loading of the pistol earlier in the day.

No objection was made to this testimony except on grounds of the relevance of certain preliminary questions. No *Jackson v. Denno* hearing had been held, and there was no express determination by the trial court at any time that defendant's confession

was voluntary. On cross-examination defense counsel sought first to show that the statement was involuntary and was given as the result of psychological pressures induced by defendant's incarceration. It is now contended that the trial court and counsel should have done more to determine the voluntariness of defendant's confession before admitting it. We agree.

The right to a judicial determination of the voluntariness of a confession before it is presented to a jury was first established in this state in *State v. Milow,* 199 Kan. 576, 433 P.2d 538 (1967). The case was followed in *Baker v. State,* 204 Kan. 607, Syl. ¶ 7, 464 P.2d 212 (1970). In *Baker* the court also added:

"Foundation proof relating to the admissibility of a confession must be heard outside the presence and hearing of the jury, *even though no request for such hearing is made, unless there has been a knowing and intelligent waiver of that right by the accused."* (Syl. ¶ 8. Emphasis added.)

In *Baker,* as here, the defendant's confession had been admitted without objection and without a *Jackson v. Denno* hearing. The Court noted that "there are facts in substantial dispute concerning the voluntariness of petitioner's confession." The Court also observed that "we are not inclined to dispose of a matter so fundamental as the voluntariness of a confession of guilt on any theory of waiver." (204 Kan. at 617.) The result, in that proceeding under K.S.A. 60-1507, was a remand for a hearing on voluntariness.

Here there was no request for a hearing, but *Baker* teaches us there must be one even in the absence of a request. The lack of objection might be deemed a waiver if it were shown to have been a "knowing and intelligent" waiver; *i.e.,* the calculated choice of counsel after consultation with the defendant. See *Barnes v. State,* 204 Kan. 344, 352, 461 P.2d 782 (1969); *Winter v. State,* 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972). We are unable to find a waiver meeting that standard here, particularly in light of counsel's effort on cross-examination to attack the voluntariness of the confession.

It may be conceded that on this record the substantiality of the dispute over voluntariness does not appear as clearly as it did in *Baker,* but that may be attributed to the fact that in this case no hearing has been held, whereas in *Baker* there had been an evidentiary hearing in the 60-1507 proceeding.

We conclude that the proper disposition in this case is a remand

to the district court for a hearing on the voluntariness of defendant's confession, to be held in accordance with *Milow, Baker,* and *Jackson v. Denno* itself, 378 U.S. 368, 393-5, 12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205 (1964). If the confession was voluntary, then defendant's trial was not invalid and the conviction will stand. If the confession is found to be involuntary, defendant is entitled to a new trial at which it is not admitted.

The case is remanded to the trial court for further proceedings in accordance with this opinion.