NOT DESIGNATED FOR PUBLICATION

No. 114,001

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MIKE MATSON,
*Appellant*,

v.

STATE OF KANSAS, *et al.*,
*Appellees*.

## MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed September 2, 2016. Affirmed in part, reversed in part, and remanded with directions.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, of Ellsworth, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

BUSER, J.:  At the time of the filing of this case, Mike Matson was an inmate at Hutchinson Correctional Facility (HCF). After being convicted of a prison disciplinary violation, Matson filed a single document which he characterized as a K.S.A. 60-1501 habeas petition and a 42 U.S.C. § 1983 civil rights complaint. The district court *sua sponte* summarily dismissed the pleading for failing to state facts entitling Matson to relief.

1

Upon our review of the record and the parties' briefs, we find that Matson's appeal of the dismissal of his K.S.A. 60-1501 petition is moot, and accordingly it is dismissed. With regard to the district court's dismissal of Matson's 42 U.S.C. § 1983 complaint, as set forth in this opinion, we affirm in part, reverse in part, and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Sometime in 2013, Matson filed a civil lawsuit against the warden of Ellsworth Correctional Facility (ECF) in Ellsworth District Court. This lawsuit is described as case No. 13-CV-13 (2013 civil suit), and the subject matter of the lawsuit is unknown. The following year, on May 18, 2014, while Matson was an inmate at ECF, prison authorities charged him with committing lewd acts in violation of K.A.R. 44-12-315(b). The charge was designated ECF disciplinary case No. 14-980 (2014 disciplinary case). After administrative hearings were conducted, Matson was found guilty of the disciplinary violation. While Matson was exhausting his administrative remedies in the 2014 disciplinary case, he entered into settlement negotiations with prison officials regarding the 2013 civil suit. During this time period, Matson was transferred from ECF to HCF, a maximum security facility.

On September 2, 2014, Matson filed a pleading which he entitled "Petition for Writ of Habeas Corpus and Civil Rights Complaint Pursuant to K.S.A. 60-1501 and 42 U.S.C. § 1983" in Ellsworth District Court. With regard to his K.S.A. 60-1501 petition, Matson alleged that in the 2014 disciplinary case his procedural due process rights were violated, his conviction was arbitrary, and there was insufficient evidence.

As related to his 42 U.S.C. § 1983 complaint, Matson alleged that he was denied access to the courts, and he was subjected to retaliatory actions by KDOC officials as a consequence of his filing the 2013 civil suit.

2

In a form order without explanation, the district court *sua sponte* summarily dismissed Matson's petition and complaint for failing to state facts entitling him to relief.

Matson filed a timely appeal.

K.S.A. 60-1501 PETITION

After Matson's notice of appeal was filed, the parties advised that the K.S.A. 60-1501 petition relating to the 2014 disciplinary case was resolved as part of a settlement agreement in the 2013 civil suit. The other terms of the settlement agreement, if any, were not disclosed. The Kansas Department of Corrections (KDOC) states in its brief that "the respondent agrees with the petitioner that the settlement agreement between the petitioner and the KDOC in [the 2013 civil suit] resulted in the dismissal of [the 2014 disciplinary case] and therefore the matter of the petitioner's appeal of his [K.S.A. 60-]1501 petition is moot."

Based on the representations of the parties, we agree this issue is moot. See *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009) ("An appeal will not be dismissed for mootness, unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. [Citation omitted.]"). Accordingly, we dismiss that portion of this appeal relating to Matson's K.S.A. 60-1501 petition.

42 U.S.C. § 1983 COMPLAINT

We will individually address the three separate claims as contained within Matson's 42 U.S.C. § 1983 complaint.

*Denial of Access to Courts Claim*

For his first claim, Matson asserts that he "provided facts that when taken as true (limiting his access to the courts by limiting his punishment) provided a sufficient claim to address his civil rights violation action." As understood by KDOC:

> "The petitioner's briefed argument is that he was denied access to the courts because the ECF disciplinary hearing officer only sanctioned him to restriction in [the 2014 disciplinary case], rather than assessing a fine and/or forfeiting earned good time. Simply, this argument fails under any applicable federal or state case law, to make a colorable claim, that respondents denied him access to the courts."

Pleadings filed by pro se plaintiffs are liberally construed. *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004). This court considers the facts a pro se plaintiff has alleged, not the form of the pleading. *Jackson v. State*, 1 Kan. App. 2d 744, 745, 573 P.2d 637 (1977), *rev. denied* 223 Kan. clxxi (1978). Whether a district court erred by dismissing an action for failure to state a claim is a question of law over which this court has unlimited review. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). When reviewing a district court's dismissal for failure to state a claim, this court accepts "the facts alleged by the plaintiff as true, along with any inferences that can reasonably be drawn therefrom." *Rector v. Tatham*, 287 Kan. 230, 232, 196 P.3d 364 (2008). This court must determine whether those facts and inferences support a claim under any possible theory. *McCormick v. Board of Shawnee County Comm'rs*, 272 Kan. 627, 634, 35 P.3d 815 (2001), *cert. denied* 537 U.S. 841 (2002).

At the outset, Matson's claim that he was denied access to the courts by the type of punishment imposed by KDOC for violation of a disciplinary rule is procedurally barred. In his ambiguous pleading and briefing, Matson does not inform us of how the punishment imposed by prison officials in the 2014 disciplinary case prevented him from accessing the courts. We could speculate that Matson is alleging that since his

punishment did not implicate a liberty interest that he was precluded from successfully pursuing a due process claim with regard to his disciplinary conviction. See *Stano v. Pryor*, 52 Kan. App. 2d 679, Syl. ¶ 3, 372 P.3d 427 (2016) (In order to establish a claim for a due process violation pursuant to K.S.A. 60-1501, an inmate must establish a deprivation of a recognized liberty or property interest.). Yet, we will not engage in conjecture about Matson's claim. A point raised incidentally in a brief and not argued therein is deemed abandoned. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013).

There is a second reason this particular claim is procedurally barred. Matson has not provided us with any precedent (and we are not aware of any) wherein a court has found a colorable 42 U.S.C. § 1983 access to courts claim based solely on the prison's choice of punishment imposed upon an inmate who has violated a prison disciplinary rule. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority is akin to failing to brief the issue. *State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013). For both of these reasons this claim has been waived or abandoned.

*Accessing the Courts Retaliation Claim*

Matson also raises what he characterizes as a "civil rights claim for retaliation." He asserts that his petition sufficiently shows he was engaged in the constitutionally protected activity of accessing the courts by filing his 2013 civil suit, and the KDOC's retaliatory actions of bringing the 2014 disciplinary case and their choice of punishment upon finding him guilty, interfered with his accessing the courts.

Prison officials are prohibited from retaliating against or harassing an inmate who is exercising his or her right of access to the courts. *Green v. Johnson*, 977 F.2d 1383, 1389 (10th Cir. 1992). To state a retaliation claim under 42 U.S.C. § 1983, a plaintiff

5

must provide facts in the complaint alleging that (1) the plaintiff was engaged in a constitutionally protected activity; (2) the defendant's actions caused the plaintiff to suffer an injury sufficient to chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendant's adverse action was substantially based on the plaintiff's exercise of a constitutionally protected right. *Mimics, Inc. v. Village of Angel Fire*, 394 F.3d 836, 847 (10th Cir. 2005). A civil rights claim brought under 42 U.S.C. § 1983 may be filed in state or federal court. *Prager v. Kansas Dept. of Revenue*, 271 Kan. 1, 12, 20 P.3d 39 (2001).

With regard to the first factor, filing civil lawsuits is a constitutionally protected activity. See *Bloom v. Arnold*, 45 Kan. App. 2d 225, 233, 248 P.3d 752 (2011) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1263-64 [10th Cir. 2006], *cert. denied* 549 U.S. 1059 [2006]). In this regard, Matson asserted that his conviction and punishment in the 2014 disciplinary case was in retaliation for his filing the 2013 civil suit.

With regard to the second factor, Matson alleged he was injured by the stigma associated with his disciplinary conviction and the "significant and atypical hardship" he endured as a result. Although Matson claims that he possesses "above ordinary firmness," Matson did allege that the prison's actions would have stopped a person of ordinary firmness from continuing to pursue legal action against the prison. For purposes of this appeal, we assume, without deciding, that Matson's petition stated sufficient facts and inferences to support these two elements of Matson's particular retaliation claim.

Matson's cause of action, however, falters with regard to the third element of his retaliation claim. Matson's petition does not provide sufficient facts showing the KDOC's actions in charging and punishing him for lewd conduct in the 2014 disciplinary case were substantially based on Matson's exercise of the constitutionally protected activity of filing and prosecuting his 2013 civil suit. On the contrary, some of the facts proffered by

6

Matson in his complaint support the view that the filing of the 2014 disciplinary case was based on some evidence of lewd conduct for which he was charged and convicted.

Moreover, our court when considering whether the third element of a retaliation claim has been sufficiently pled, has considered the time between when the plaintiff began the constitutionally protected activity and when the defendant began the adverse action. See *Bloom*, 45 Kan. App. 2d at 233-34 (defendant's adverse action occurred 11 days after the defendant had been served with the plaintiff's complaint); *Grossman v. Werholtz*, No. 105,708, 2011 WL 6385650, at *6 (Kan. App. 2011) (unpublished opinion) (defendant brought a disciplinary action against the plaintiff 3 or 4 days after the plaintiff filed a grievance).

In this appeal, Matson does not state when he filed the petition in the 2013 civil case. The case number indicates the lawsuit was filed sometime in 2013. In its brief, KDOC asserts Matson's lawsuit was filed in early 2013. On this record we may conclude that the prison's disciplinary proceedings occurred no sooner than about 5 months after the filing of Matson's 2013 civil lawsuit. Clearly, this time period is much longer than the other cases wherein we have found a temporal basis to support a retaliation claim. Without sufficient facts to support the third element of the retaliation claim, we are persuaded that Matson has failed to make the necessary showing to avoid dismissal of this particular claim made in his 42 U.S.C. § 1983 complaint.

*Prison Transfer Retaliation Claim*

Several months after the filing of Matson's brief on appeal, Matson's counsel filed a letter of additional authority. In this letter, counsel raised a new appellate argument. Specifically, Matson's counsel argued that Matson's 42 U.S.C. § 1983 complaint also raised the issue that he "was transferred to a maximum security facility that is alleged to

7

have occurred as a retaliatory action against the appellant due to his exercising his right to access the courts." KDOC did not respond to this filing.

Supreme Court Rule 6.09(b)(1) (2015 Kan. Ct. R. Annot. 53) provides that under certain circumstances a party may advise the court of citation to controlling authority that was published after the filing of the party's last brief or after oral argument. Matson's filing did not contain any citation to new cases, only a new argument not addressed in Matson's appellant's brief. Upon our review, we conclude this filing did not comply with Supreme Court Rule 6.09, and we will not consider it.

Still, as mentioned earlier, our court is required to consider whether the facts provided in a plaintiff's pleading, and the inferences drawn from those facts, state a claim under any possible theory. *McCormick*, 272 Kan. at 634. If an inmate is transferred to another prison facility based on his or her exercise of a constitutionally protected activity, the inmate may bring a retaliation claim under 42 U.S.C. § 1983. See *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985).

In his complaint, Matson alleged facts showing that in the summer of 2014 he was engaged in settlement discussions with KDOC counsel regarding the 2013 civil suit and the 2014 disciplinary case. During these discussions, according to Matson, KDOC counsel advised that Matson would not be transferred to another correctional facility if the inmate dismissed his 2013 civil suit. Matson asserted that "[d]efense [c]ounsel stated that they would not place the no transfer clause in any written agreement but only make the agreement verbally" but the agreement could be confirmed by the "facility's classification administrator, Carolyn Graves." In his complaint, Matson further asserted that on July 29, 2014, he spoke with Graves, "who assured [Matson] that if he would agree to dismiss his civil suit, she promised him he would not be transferred." According to Matson, settlement negotiations broke down, and on August 14, 2014, he was

8

transferred from ECF to HCF, a maximum security facility, in retaliation for his refusal to dismiss the 2013 civil suit.

Considering the facts alleged by Matson to be true, along with any inferences that can reasonably be drawn from them, it appears that Matson has made a sufficient showing of a retaliatory prison transfer claim. First, Matson alleged that he was engaged in a constitutionally protected activity of prosecuting a civil claim against the prison, and participating in settlement negotiations of that claim. Second, Matson asserted that the transfer to a maximum security facility injured him due to "the significant and atypical hardship living conditions" for which he was subjected. Third, Matson also alleged that he was transferred with the specific purpose of chilling his engagement in a constitutionally protected activity and that but for engaging in that activity he would not have been transferred to HCF.

> "'[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. . . . [However,] [a]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.' [Citation omitted.]" *Fogle v. Pierson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006).

Liberally construing Matson's complaint, we are persuaded that the facts and inferences set forth in his complaint are sufficient to state a 42 U.S.C. § 1983 claim for a retaliatory prison transfer. Obviously, prison officials have not yet had an opportunity to contest the allegations, but at this very early stage of the litigation, we conclude that this particular claim should have been allowed to proceed without a summary dismissal.

In conclusion, we dismiss that portion of the appeal relating to Matson's K.S.A. 60-1501 petition. With regard to Matson's 42 U.S.C. § 1983 complaint, we affirm the district court's summary dismissal of his denial of access to courts claim, and his retaliation claim alleging that prison officials filed the 2014 disciplinary case and

9

punished Matson because he filed his 2013 civil suit. We reverse the district court's dismissal of Matson's 42 U.S.C. § 1983 claim as it relates to his transfer to HCF in alleged retaliation for his refusal to dismiss his 2013 civil suit. We remand with instructions to reinstate and construe that portion of Matson's 42 U.S.C. § 1983 complaint as a prison transfer retaliation claim. Finally, upon remand, the defendants shall have sufficient time to answer, assert affirmative defenses, and file any other responsive pleadings to this particular claim.

Affirmed in part, reversed in part, and remanded with directions.