NOT DESIGNATED FOR PUBLICATION

No. 115,144

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM N. MONROE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed January 27, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Adam N. Monroe is serving a lengthy prison sentence for aggravated indecent liberties with a child. He filed, without benefit of counsel, a motion for sentence modification. The district court denied the motion, ruling it had no authority to modify a guideline sentence. Now, in this appeal, Monroe's counsel argues that we should construe Monroe's pro se motion liberally and view it as either a motion to correct an illegal sentence or a motion to file an appeal out of time. Because we would have to rewrite Monroe's motion for him to raise the issues suggested by his appellate counsel, a task we

1

cannot perform, we reject his appeal and affirm the district court's dismissal of his motion.

*This issue started with a motion and a letter to the judge.*

In December 2013, Monroe filed a pro se motion for sentence modification/reduction. The motion reads as follows:

> "Comes now the petitioner from above requests the Honorable Judge Warren Wilbert grant this motion of a sentence modification and/or sentence reduction. The petitioner is currently serving time in Norton Correctional Facility and requests that the sentence for the above case be modified or reduced. Petitioner prays the court will liberally construe this motion in light of its pro-submittance [*sic*] in this matter."

A few days later, Monroe wrote a letter to the district court asking for the court to show him mercy. In the letter Monroe wrote: "there is no excuse for the law I broke," and "I believe & know that I deserve to do time for my crime but I didnt [*sic*] expect the 216 month sentence I was imposed." After explaining his view of the crime and the ways he has matured while incarcerated, Monroe stated: "I would, in the most respectable way, like to ask that the court reduce my sentence to a total of 80 to 90 months & if thats [*sic*] not possible then I'll always take what I can get."

A month later, the court denied his motion because "the court lacks jurisdiction to modify a guideline sentence." The district court, however, granted the motion to appeal out of time.

Monroe argues the district court erred by not liberally construing his pro se motion as either a motion to correct an illegal sentence or a motion to appeal out of time. We exercise unlimited review over a district court's construction of  pro se pleadings. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

2

Generally, pro se pleadings are liberally construed. *Jackson v. State*, 1 Kan. App. 2d 744, 745, 573 P.2d 637 (1977). The district court must give "effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Although pro se pleadings are liberally construed, the rules of construction cannot "transform the reality of a pleading's content or the arguments being advanced." *Gilbert*, 299 Kan. at 798.

Monroe's appellate attorney asserts that "the motion would be as easily interpreted as a motion to correct an illegal sentence or a motion to appeal out of time," without providing any reason why this construction would be feasible. From the face of the motion and the letter Monroe sent to the court, it is clear that he is asking for a modification or reconsideration of his sentence.

*We look to the language of the motion itself.*

The motion "requests that the sentence for the above case be modified or reduced." The motion is titled, "motion for sentence modification/reduction," which provides evidence of Monroe's purpose in filing the motion. See *Gilbert*, 299 Kan. at 802-03. In Monroe's letter to the district court in support of the motion he wrote: "I believe & know that I deserve to do time from my crime, but I didn't expect the 216 month sentence I was imposed"; "I would, in the most respectable way, like to ask that the court reduce my sentence to a total of 80 to 90 months"; and "I'm not asking for time served or immediate release [because] thats [*sic*] what anyone in my situation would do." Monroe also stated how he has matured through his time in prison and would be a productive member of society with a reduced sentence. The content of the motion and the letter are clear that Monroe is asking the court to modify his sentence. Therefore, the district court correctly interpreted Monroe's motion as a motion to modify his sentence and did not err in denying the motion for lack of jurisdiction. See *Kelly*, 291 Kan. at 565; *State v. Miller*,

260 Kan. 892, 900, 926 P.2d 652 (1996) *abrogated on other grounds by State v. Berreth*, 294 Kan. 98, 124, 273 P.3d 752 (2012).

Trying a different way, Monroe's appellate attorney argues the motion could be construed as a motion to correct an illegal sentence. "'An illegal sentence is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provisions, either in character or term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.' [Citation omitted.]" *State v. Lewis*, 299 Kan. 828, 858, 326 P.3d 387 (2014).

In the motion and letter, Monroe does not state any facts that the district court was without jurisdiction or that the sentence is ambiguous in any way. Conversely, Monroe states: "I believe & know that I deserve to do time for my crime but I didn't expect the 216 month sentence I was imposed." A possible, but very liberal, construing of this sentence could indicate Monroe is challenging that the sentence does not conform to the statutory provisions by having an incorrect criminal history score. See *State v. Martin*, 52 Kan. App. 2d 474, 477-79, 369 P.3d 959 (2016). However, Monroe does not directly raise any issue of the calculation of his criminal history score in the motion.

When clear and specific arguments are made in a pro se motion, courts should not reformulate the motion to create an issue that was not argued. *State v. Barnes*, No. 111,843, 2016 WL 528045, at *3 (Kan. 2016) (unpublished opinion). It is clear Monroe was asking the court to modify his sentence. Construing his motion as a motion to correct an illegal sentence would "transform the reality" of the argument. See *Gilbert*, 299 Kan. at 798. The purpose of liberally construing pro se pleadings—to give effect to the content of a motion rather than the form—would not be served by construing one sentence in Monroe's letter as a motion attacking his criminal history score. See *Kelly*, 291 Kan. at 565.

4

Monroe's appellate attorney also contends—without making a real argument—the motion could be construed as a motion to file an appeal out of time. Generally an appellate court lacks jurisdiction to hear an untimely appeal. *State v. Gill*, 287 Kan. 289, 293-94, 196 P.3d 369 (2008). The requirement to file an appeal within the statutory period can only be overcome in three circumstances where the defendant:

- Was not informed of the right to appeal;
- was not furnished an attorney to perfect an appeal; or
- was furnished an attorney but the attorney failed to perfect an appeal. *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982).

Nothing in the motion or letter to the district court could be read to indicate Monroe is challenging that he was not informed of his right to appeal or is seeking an appeal of his sentencing. Construing Monroe's motion liberally as a motion to appeal out of time would give life to arguments Monroe did not make, which is not the purpose of liberally construing pro se pleadings. See *Kelly*, 291 Kan. at 565.

In our view, the court correctly construed Monroe's motion as a motion to modify his sentence. It is clear that Monroe was asking for a modification or reduction of his sentence. The district court did not err by denying the motion because it lacked jurisdiction. See *Miller*, 260 Kan. at 900.

Affirmed.

5