NOT DESIGNATED FOR PUBLICATION

No. 116,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONNIE SANDERS,
*Appellant*,

v.

RAY ROBERTS, Secretary of Corrections,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed August 25, 2017. Affirmed.

*John J. Bryant*, of Bryant Law Office, of Kansas City, for appellant.

*Sherri Price*, special assistant attorney general, Lansing Correctional Facility, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*: Ronnie Sanders, a felon sentenced in both Georgia and Kansas, appeals the denial of habeas corpus relief for what he claims to be an error in how his Kansas prison sentence is computed. To the district court, he claimed he should be given more credit toward his Kansas sentence for the time served on his Georgia prison sentence because in Georgia, a prison sentence also includes a probation component. In other words, he sought credit for the time he spent on probation in Georgia and later Louisiana. But to us, Sanders argues that he should be released from confinement due to the unreasonable delay in returning him to confinement. Because Sanders tries to bring a

1

new argument on appeal that was not argued in district court, we affirm the district court's denial of habeas corpus relief.

While Sanders was serving a 15-year prison sentence in Georgia, the State brought him back to Kansas to answer charges. Eventually, Sanders pled guilty to two counts of kidnapping and one count of aggravated robbery. The court sentenced him to a prison term of 180 months. This Kansas prison sentence was concurrent with the Georgia sentence. In Georgia, the first 5 years of Sanders' sentence were to be served in prison and the balance was to be served on probation.

Sanders was returned to Georgia. Kansas filed a detainer, stating that if Georgia intended to release Sanders, prior to the termination of his concurrent Kansas sentence, Kansas correctional officials wanted to be notified when Sanders was to be released so they could make arrangements to take him into custody.

Georgia acknowledged Kansas' detainer on Sanders, stating that Kansas would be informed 30 days prior to the Sanders' release. Georgia set Sanders' maximum release date at October 27, 2006, and a tentative parole date of August 1, 2005. On August 26, 2006, Sanders was released from Georgia prison and placed on probation.

Sanders was free, but subject to the terms of his probation from August 26, 2006, until he was arrested on July 18, 2014, based on a warrant issued by Kansas in July 2014. Sanders was apparently in Louisiana at the time of his arrest. Sanders alleges that during this time, he was doing exactly what his probation officer told him to do.

After his arrest and return to Kansas, Sanders was placed in prison. His earliest possible release date is January 29, 2026. The Kansas Department of Corrections assessed 7 years, 10 months, and 22 days of delinquent time to Sanders.

After exhausting administrative remedies, Sanders filed a pro se petition for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501. In the petition, he sought to have the remainder of his Kansas sentence correctly calculated to include the entire time he was serving in Georgia. Sanders alleged that because in Georgia, a sentence continues to run while the offender is on probation, the time he spent on probation should have been calculated as time served in his Kansas sentence. The State moved to dismiss and argued that credit on a sentence is only given for time spent in confinement and Sanders is not eligible for credit for time spent on probation.

The court granted the State's motion to dismiss and found that even if probation is considered incarceration in Georgia, in Kansas, credit is only given for time spent in custody. Thus, Sanders was not entitled to credit for his time on probation during which he was not in Georgia's custody.

To us, Sanders shifts theories and instead argues that he should be entitled to be released from confinement due to an unreasonable delay in returning him to confinement. In other words, Kansas waited too long to bring him back. This change of theories has consequences; it means the abandonment of his first argument made in district court and thus, we must affirm the district court's denial of relief.

Generally, an issue that is not raised by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Since here, Sanders does not raise the same argument as he did in the district court, he has abandoned this argument. We now look at the argument that he does raise to us.

Again, the general rule is that an issue not argued before the district court cannot be raised for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Sanders presents two reasons why we should consider this new issue. First, he argues the district court should have construed his pro se motion to include the issue.

3

Second, Sanders states that exceptions to the general rule permit this court to consider the issue for the first time on appeal—specifically that the issue only raises a question of law and is based on proved or admitted facts and that consideration of the issue is necessary to serve the ends of justice and prevent the denial of a fundamental right. We are not persuaded by either reason.

We do not see that the district court erred when it failed to construe his pro se petition to include the issue he now raises to us. We are aware that policy directs courts to construe pro se pleadings liberally. See *Jackson v. State*, 1 Kan. App. 2d 744, 745, 573 P.2d 637 (1977). And it is true that the district court must give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Our rules of construction cannot transform the reality of a pleading's content or the arguments being advanced. *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). Simply put, we cannot alter the arguments nor create arguments for the petitioner—we can only interpret them.

To the district court, Sanders presented a single, clear argument in his K.S.A. 2016 Supp. 60-1501 petition—that he is entitled to credit for his time served on probation in Georgia because he was continuing to serve his sentence under Georgia law. He did not argue in the petition that arresting him almost 8 years after being released was unreasonable or a denial of due process. In contrast, Sanders "knew that at the end of his Georgia sentence he would be required to spend some time in Kansas prisons . . . ." For the district court to construe the pro se pleading to include the argument Sanders now brings on appeal, it would have had to alter his argument. This is something the court cannot do. See *Gilbert*, 299 Kan. at 798. The district court did not err by failing to construe Sanders' pro se petition to include the argument he now makes to us. We now turn to his second reason.

4

Sanders contends that this issue may be raised for the first time on appeal since it involves only a question of law arising on proved or admitted facts and is determinative of the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). In addition, Sanders also mentions the issue may be raised for the first time on appeal to serve the ends of justice and prevent the denial of a fundamental right. Both contentions are questionable. We look first at his contention that this is only a question of law.

Sanders' brief conclusion that the exceptions apply is insufficient to invoke the exceptions to the general rule. Sanders does not support his contentions with any authority and has failed to properly brief the issue. Due to these failures, we decline to reach the merits of the issue that is raised for the first time on appeal. See *Godfrey*, 301 Kan. at 1044. In *Godfrey*, any argument for the application of an exception was abandoned by the appellant's failure to brief the issue. 301 Kan. at 1044. Furthermore, the failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority is the same as failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015).

Simply put, the exceptions that Sanders tries to invoke are not applicable here. Sanders frames this issue as a denial of a fundamental liberty interest. Sanders does not, however, provide any caselaw that would support the contention that a person has a liberty interest in time spent free from confinement while still subject to a prison sentence.

Kansas courts have not addressed this specific issue, but some federal courts have. They do not view returning a prisoner to custody after time spent at liberty a due process violation. See, *e.g.*, *Vega v. United States*, 493 F.3d 310, 317 (3d Cir. 2007). On the other hand, some federal courts do consider the issue in the context of due process violations. See *Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir. 1982). *Johnson* held that returning a prisoner to custody after inaction of the government "would be 'inconsistent with

5

fundamental principles of liberty and justice.'" 682 F.2d at 873. Although the federal courts disagree whether this issue implicates due process concerns, the federal courts utilize one of three tests to analyze the issue.

The first test was articulated in *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930), where the court prohibited incarcerating a person in installments. Under the *White* test, a sentence continues to run when a prisoner is

- discharged from incarceration erroneously;
- the discharge occurs without the prisoners fault; and
- the prisoner does not violate conditions of parole. 42 F.2d at 789.

The second test is a burden-shifting negligence test. When the prisoner establishes he was erroneously released from custody, the burden shifts to the incarcerating authority to show there was no negligence on its part or that the prisoner was at fault for the erroneous release. *Vega*, 493 F.3d at 319-20. Under this test, as applied to the current situation, there is at least a question of fact whether Kansas was negligent in Sanders being released from custody. The third test weighs four factors to determine if the prisoner is entitled to relief:

- the length of the mistaken release;
- the government's level of culpability;
- the prisoner's knowledge of, or contribution to, the mistake; and
- prejudice caused by reincarceration, *i.e.*, how well the prisoner readjusted to freedom. *Hurd v. District of Columbia*, 146 F. Supp. 3d 57, 66 (D.D.C. 2015).

6

Under this test, there are questions of fact regarding Kansas' culpability in Sanders' release, whether Sanders had knowledge of his erroneous release, and how well Sanders had readjusted to life outside of incarceration.

We can see, then, that based upon these federal cases, Sanders' contention that this issue may be addressed for the first time on appeal because it only involves a question of law arising on proved or admitted facts is unpersuasive. Under the three tests outlined above, there are unresolved factual questions that must be answered to analyze the issue. That certainly applies here, as there are no admitted facts. This issue may not be raised for the first time on appeal under this claimed exception since there are no facts that we can rely upon on appeal.

Finally, when we consider Sanders' brief statement that the court can consider the issue to serve the ends of justice and prevent the denial of a fundamental right, we note that he provides no authority to support his contention. While some courts view the issue of incarceration after an erroneous release as a due process issue, others do not. See, *e.g.*, *Johnson*, 682 F.2d at 873 (holding incarceration violated fundamental principles of justice). But see *Vega*, 493 F.3d at 317 (finding no constitutional basis for granting credit for time spent at liberty and determining the common law is the sole basis for a potential remedy).

We think it is clear. To consider an issue for the first time on appeal "there must be an explanation why the issue is properly before the court." Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35.) In light of the competing authority, Sanders has not shown us why the issue would properly be before the court to prevent the denial of a fundamental right, and the issue will not be addressed.

Affirmed.